FILED
NOVEMBER 30, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH DI COSOLA, Individually and on behalf of a class, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. |
| BRAZZAZ, LLC, | ) ) | |
| Defendant. | ) ) | |

07 C 6746

JUDGE ZAGEL
MAGISTRATE JUDGE DENLOW

## COMPLAINT – CLASS ACTION

NOW COMES the Plaintiff, Joseph DiCosola, for himself and on behalf of a class, by and through his attorneys, Anthony G. Barone and David M. Jenkins of Barone & Jenkins, P.C., and hereby complains of the Defendant, Brazzaz, LLC, as follows:

### INTRODUCTION

1. Plaintiff Joseph DiCosola brings this action to secure redress for the violation by Brazzaz, LLC, of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA").

2. One provision of FACTA, codified as 15 U.S.C. §1681c(g), provides that:

   [N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

3. Federal courts have concluded that section 1681c(g) is "not ambiguous," and that it "expressly prohibits printing more than the last five digits of the credit/debit card numbers and also prohibits printing the card's expiration date." Pirian v. In-N-Out Burgers, 06-1251, 2007 U.S. Dist. LEXIS 25384, *8 (C.D.Cal. Apr. 5, 2007).

4. The purpose of this "truncation requirement" is to prevent identity theft.

5. One common modus operandi of identity thieves is to obtain credit card receipts that are lost or discarded, or through theft, and use the information on them to engage in transactions.

6. On information and belief, it is possible for sophisticated identity thieves to replicate a credit card number using the expiration date and the last four digits of the card number, or it makes it easier for identity thieves to obtain sufficient information to use another's credit card.

7. The expiration date is generally necessary for misuse of the card number.

8. The FACTA amendment prohibits merchants who accept credit cards and debit cards from issuing electronically-generated receipts that display the expiration date or that display more than the last five digits of the card number.

9. The law gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.

10. As set forth more fully below, Defendant has willfully violated this law either because its conduct was either willful, knowing, or reckless, and Defendant failed to protect Plaintiff and others similarly situated against identity theft and credit card and debit card fraud by failing to comply with the truncation requirement by including expiration dates on credit card receipts.

11. Plaintiff brings this action against Defendant based on Defendant's violation of 15 U.S.C. §§1681 *et seq*. Plaintiff seeks statutory damages, attorneys fees, costs, and such other relief as the Court deems proper, including punitive damages.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1681p.

13.     Venue in this district is proper because Defendant Brazzaz, does business here.

## PARTIES

14.     Plaintiff, Joseph DiCosola, is a resident of this district.

15.     Defendant Brazzaz, LLC (hereinafter, "Brazzaz") is an Illinois limited liability company with its principal place of business in Chicago, Illinois. Brazzaz owns and operates a restaurant at 539 North Dearborn, Chicago, Illinois 60610.

16.     Defendant Brazzaz is a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.

## FACTS

17.     On February 21, 2007, Plaintiff received from Brazzaz a computer-generated cash register receipt which displayed Plaintiff's American Express card expiration date.

18.     On information and belief, the expiration date information, which is private, is published to and/or made available for viewing by third-parties by virtue of its placement on the receipt.

## CLASS ALLEGATIONS

19.     Plaintiff brings this action on behalf of a class pursuant to Fed.R.Civ.P.23(a) and (b)(3).

20.     The class is defined as all persons to whom Brazzaz provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring

3

in Illinois after December 4, 2006, which receipt displays (a) more than the last five digits of the person's credit card or debit card number, or (b) the expiration date of the person's credit or debit card or (c) both.

21. The class is so numerous that joinder of all individual members in one action would be impracticable.

22. There are well over 400 persons to whom Brazzaz provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in Illinois after December 4, 2006, which receipt displays (a) more than the last five digits of the person's credit card or debit card number, or (b) the expiration date of the person's credit or debit card or (c) both.

23. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal theories and arise form the same unlawful and willful conduct.

24. There are common questions of fact and law affecting members of the class, which common questions predominate over questions which may affect individual members. These include the following;

    a.    Whether Defendant had a practice of providing customers with a sales or transaction receipt which failed to comply with the truncation requirement.

    b.    Whether Defendant thereby violated FACTA.

    c.    Whether Defendant's conduct was willful, knowing, or reckless.

25. Plaintiff will fairly and adequately represent the class members. Plaintiff has no interests that conflict with the interests of the class members. Plaintiff has retained experienced counsel.

26.     A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members. Individual actions are not economically feasible.

## **VIOLATION ALLEGED**

27.     Defendant violated 15 U.S.C. §1681c(g)(1), which provides that:

[N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transactions.

28.     With respect to machines that were first put into use after January 1, 2005, 15 U.S.C.§1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C.§1681c(g)(1).

29.     With respect to machines that were in use before January 1, 2005, 15 U.S.C.§1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or after December 4, 2006.

30.     Defendant accepts credit cards and/or debit cards in the course of transacting business with persons such as plaintiff and the class members. In transacting such business, Defendant uses cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

31.     After the effective date of the statute, Defendant, at the point of sale or transaction, provided Plaintiff and each class member with one or more electronically printed receipts on each of which Defendant failed to comply with the truncation requirement or the requirement that expiration dates be omitted.

32.     FACTA was enacted in 2003 and gave merchants who accept credit card and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

5

33. On information and belief, Defendant knew of the truncation requirement and prohibition on the printing of expiration dates or was reckless in its failure to follow those requirements in light of the information readily available to it.

34. On information and belief, VISA, MasterCard, the PCI Security Standards Council—a consortium founded by VISA, MasterCard, Discover, American Express and JCB—companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed Defendant about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and prohibition on the printing of expiration dates, and Defendant's need to comply with same.

35. The requirement was widely publicized among retailers.

36. For example, in response to earlier state legislation enacting similar truncation requirements, on March 6, 2003, the CEO of Visa USA, Carl Pascarella, explained that "Today, I am proud to announce an additional measure to combat identity theft and protect consumers. Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts. The card's expiration date will be eliminated from receipts altogether….The first phase of this new policy goes into effect July 1, 2003 for all new terminals….." "Visa USA Announces Account Truncation Initiative to Protect Consumers from ID Theft; Visa CEO Announces New Initiative at Press Conference With Sen. Dianne Feinstein," PR Newswire, March 6, 2003.

37. Within 24 hours, MasterCard and American Express announced they were imposing similar requirements.

38. The card issuing organizations proceeded to require compliance with FACTA by contract, in advance of FACTA's mandatory compliance date. For example,

the August 12, 2006 edition of "Rules for Visa Merchants" (p.62), which is distributed to and binding upon all merchants that accept Visa cards, expressly requires that "only the last four digits of an account number should be printed on the customer's copy of the receipt: and "the expiration date should not appear at all." These statements were accompanied by a picture of a receipt showing precisely what had to be removed. VISA required complete compliance by July 1, 2006, five months ahead of the statutory deadline.

39. Defendant accepts Visa card and MasterCard and on information and belief, is a party to a contract requiring compliance with the above-quoted requirement.

40. American Express has a manual that contains a similar depiction of what information must be suppressed.

41. Most of Defendant's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by programming their card machines and devices to comply with the truncation requirement. Defendant could have readily done the same.

42. Defendant willfully disregarded FACTA's requirements in that its violation was either willfully, knowingly, or recklessly done, and continued to use cash register or other machines or devices that print receipts in violation of FACTA.

43. The FCRA, 15 U.S.C. §1681n, provides:

§1681n. Civil liability for willful noncompliance

(a) In general, Any person who willfully fails to comply with any requirement Imposed under this title [15 USC §§1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of--

(1)

    (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or

    (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;

  (2) such amount of punitive damages as the court may allow; and

  (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court....

44. The FCRA, 15 U.S.C. §1681p, provides:

§1681p. Jurisdiction of courts; limitation of actions

An action to enforce any liability created under this title [15 USCS §§1681 *et seq.*] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of—

  (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or

  (2) 5 years after the date on which the violation that is the basis for such liability occurs.

WHEREFORE, the Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendant as follows:

  a. For statutory damages of $100 to $1,000 per violation;

  b. For attorney's fees, litigation expenses and costs;

  c.  For such other and further relief as the Court may deem proper, including punitive damages.

Respectfully submitted,

JOSEPH DI COSOLA

By: _____
One of His attorneys

Anthony G. Barone (ARDC No. 06196315)
David M. Jenkins (ARDC No. 6211230)
Barone & Jenkins, P.C.
635 Butterfield Road, Suite 145
Oakbrook Terrance, Illinois 60181
630/472-0037

Of Counsel
Marvin L. Frank
Lawrence D. McCabe
Murray, Frank & Sailer, LLP
275 Madison Avenue, Suite 801
New York, NY 10016
212/682-1818

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

JOSEPH DI COSOLA

By: _____
One of His attorneys

9

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

David M. Jenkins

Anthony G. Barone (ARDC No. 06196315)
David M. Jenkins (ARDC No. 6211230)
Barone & Jenkins, P.C.
635 Butterfield Road, Suite 145
Oakbrook Terrance, Illinois 60181
630/472-0037