IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH DI COSOLA, ) | |
| Individually and on behalf of a class, ) | |
| ) | |
| Plaintiff, ) | Case No. 07 C 6746 |
| ) | |
| v. ) | Judge Zagel |
| ) | |
| BRAZZAZ LLC, ) | Magistrate Judge Denlow |
| ) | |
| Defendant. ) | **ORAL ARGUMENT REQUESTED** |
| ) | |

## MOTION OF BRAZZAZ LLC TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS

Brazzaz LLC ("Brazzaz"), by and through its undersigned counsel, respectfully moves this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the putative Class Action Complaint of Plaintiff Joseph Di Cosola ("Plaintiff") or, in the alternative, to stay the proceedings resolution of the Credit and Debit Card Receipt Clarification Act of 2007 (the "Bill"). In support of its Motion, Brazzaz states as follows:

1. The Complaint should be dismissed because, further to the Supreme Court's recent decision in *Safeco Insurance Company of America v. Burr*, 127 S. Ct. 2201 (2007), Plaintiff has not (and cannot) plead a willful violation of FACTA as a matter of law. In light of *Safeco*, the relevant inquiry for purposes of this motion is whether Plaintiff has set forth allegations that Brazzaz's actions were *not* consistent with an objectively reasonable interpretation of FACTA. Taking Plaintiff's allegations as true, Brazzaz printed the card expiration date on Plaintiff's receipt and properly truncated the card number to the last five digits or less. Brazzaz's conduct is entirely consistent with an objectively reasonable interpretation of the statutory language.

2. That inescapable conclusion is supported by a currently pending amendment to FACTA, the Credit and Debit Card Receipt Clarification Act of 2007 (the "Bill"). The Bill, which would clarify the drafters of FACTA's intent that display of the expiration date on a

receipt provided that the credit card number is properly truncated is *not* a willful violation entitling plaintiffs (who have not alleged any actual harm) to statutory damages. The Bill, along with the poorly-worded statute itself and the well-documented confusion surrounding FACTA's requirements, all support the conclusion that Plaintiff has not (and cannot) set forth allegations sufficient to state a claim for a willful violation by Brazzaz.

3. Plaintiff's Complaint should be dismissed for the additional, independent reason that he has not alleged, nor has he suffered, any injury or harm. Plaintiff's attempt to recover potentially millions of dollars of statutory damages with absolutely no allegations (nor prospect) of actual injury is violative of basic and fundamental constitutional principles and tort law.

4. Finally, in the event that this Court is not inclined to put an end to Plaintiff's case, Brazzaz respectfully requests that this Court exercise its inherent powers to stay the proceedings pending resolution of the Bill. Issuance of a stay pending disposition of the Bill is a reasonable and prudent exercise of this Court's power to control its docket and to effect justice.

**WHEREFORE**, Brazzaz LLC respectfully requests that this Court enter an order:

(i) dismissing Plaintiff's putative Class Action Complaint with prejudice; or

(ii) in the alternative, staying the proceedings until resolution of the Bill; and

(iii) granting Brazzaz any and all additional relief that this Court deems just and equitable.

Dated: April 15, 2008                                        Respectfully submitted,

**BRAZZAZ LLC**

/s/ David S. Almeida
One of Its Attorneys

Gordon B. Nash, Jr.
David S. Almeida
**DRINKER BIDDLE & REATH LLP**
191 N. Wacker Drive, Suite 3700
Chicago, IL 60606
(312) 569-1000 (telephone)
(312) 569-3000 (facsimile)

*Attorneys for Brazzaz LLC*

## **CERTIFICATE OF SERVICE**

I, David S. Almeida, hereby certify that on April 15, 2008, the foregoing **Motion of Brazzaz LLC to Dismiss Or, in the Alternative, to Stay Proceedings** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ David S. Almeida

CH02/ 22519895.1