THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH DI COSOLA, individually and on behalf of a class,<br><br>Plaintiff,<br><br>v.<br><br>BRAZZAZ LLC,<br><br>Defendant. | Case No. 07 C 6746<br><br>Judge James Zagel<br><br>Mag. Judge Morton Denlow<br><br>**ORAL ARGUMENT REQUESTED** |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF BRAZZAZ LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS**

Defendant Brazzaz LLC ("Brazzaz"), by and through its undersigned counsel, respectfully submits the following Reply Memorandum of Law in Further Support of Its Motion to Dismiss or, in the Alternative, to Stay Proceedings (the "Motion).

**PRELIMINARY STATEMENT**

Joseph Di Cosola's ("Plaintiff") response to Brazzaz's Motion is noteworthy only for what it fails to address, as well as its blatant attempts to misconstrue Brazzaz's arguments. Brazzaz's Motion asserted two independent grounds warranting dismissal, as well as an alternative request to stay the proceedings pending resolution of a currently pending amendment (the Credit and Debit Card Receipt Clarification Act of 2007 (the "Bill")) to the Fair and Accurate Credit Transaction Act ("FACTA"), which would clarify Congress' intent regarding its statute.

Unable to meaningfully respond, Plaintiff's Response (relying upon boilerplate language presumably applicable to arguments raised in one of Plaintiff's counsel's nine other FACTA cases) ignores several crucial issues, all of which support Brazzaz's argument that its

interpretation of FACTA was not objectionably unreasonable under controlling Supreme Court authority, *Safeco Ins. Co. of Am. v. Burr*, 127 S. Ct. 2201 (2007) ("*Safeco*"). Contrary to Plaintiff's representation that the Bill is "currently wallowing in committee," (*see* Opposition at 2), the House of Representatives unanimously voted **407 to 0** to approve the Bill. (Ex. A.) Furthermore, Senator Chuck Schumer has introduced Senate Bill 2978 – the Credit and Debit Card Receipt Clarification Act of 2008, which is identical to the House Bill. (Ex. B.) Notably, the Bill will apply retroactively and completely wipe out FACTA lawsuits (like this one) predicated on an alleged display of an expiration date.

In addition to misstating the status of the Bill, Plaintiff completely ignores the statements by one of FACTA's principal drafters (Ranking Member of the House of Representatives' Committee on Financial Services, Congressman Spencer Bachus) that merchants (such as Brazzaz) whose receipts properly truncated the credit card number and displayed the expiration date "did not willfully violate [FACTA]." At most, Brazzaz's alleged conduct was based on an erroneous interpretation of FACTA. Therefore, its alleged conduct could not be deemed objectively unreasonable as a matter of law and hence Plaintiff's Complaint alleging a single willful violation of FACTA should be dismissed.

Plaintiff's lawsuit basically asks this Court to ignore all of these things, not to mention the senseless irreparable harm to merchants and the consuming public, as well as the needless drain on the federal judiciary's resources because he allegedly received a receipt that displayed an expiration date and a properly truncated credit card number. Moreover, Plaintiff has not refuted Brazzaz's argument that he must allege an actual injury in order to have sufficient standing to bring this action. Finally, in the event that this Court is not inclined to put an end to this case at this point, Brazzaz respectfully submits that these proceedings should be stayed to enable Congress to finalize its clarification of FACTA.

I.  **PLAINTIFF HAS FAILED TO REFUTE BRAZZAZ'S ARGUMENT THAT HE CANNOT STATE A CLAIM FOR A WILLFUL VIOLATION BY BRAZZAZ OF FACTA AS A MATTER OF LAW**.

By his Opposition, Plaintiff does *not* dispute that the United States Supreme Court's recent *Safeco* decision establishes that a defendant does not willfully violate FCRA if the defendant's actions were consistent with an objectively reasonable interpretation of the statutory language at issue. In this case, Plaintiff alleges that Brazzaz printed an expiration date on a receipt that was provided to him. (Cplt. ¶17.) Assuming that allegation is true, Plaintiff cannot state a claim for a willful violation of FACTA because it is objectively reasonable to interpret FACTA as permitting the printing of the expiration date if the credit card number is properly truncated. At least one objectively reasonable interpretation (even if some courts have held it to be erroneous) is that the expiration date may be printed if the card number is properly truncated. (*See generally* Brazzaz Mem. at 2-9.) By Plaintiff's own allegations, that is precisely what Brazzaz did — printed an expiration date and properly truncated the card number. Even if this Court were to find that Plaintiff's conduct was pursuant to an erroneous reading of the statute, such a finding does not preclude this Court from concluding that Brazzaz's reading was not objectively unreasonable and therefore it could not be a willful violation of FACTA as a matter of law. *See Safeco,* 127 S. Ct. at 2204 (stating that "[petitioner's] reading of the statute, albeit erroneous was not objectively unreasonable").

Unable to disavow *Safeco's* import, Plaintiff ignores the fact that one of FACTA's principal drafters, Representative Spencer Bachus, recently stated that:

> Even though these companies believed they were complying with the law by truncating account numbers on receipts, the suits allege that by failing to remove the expiration dates as well, these companies willfully violated the statute.
>
> As one of the principal authors of FACTA, I assure you that this was not the intent of the drafters of the legislation.

- 3 -

> Businesses that have made good faith efforts to comply with FACTA based on a reasonable interpretation of their statutory obligations should not be subject to statutory damages intended for willful violations.

(Brazzaz Mem. at 7-8 & Ex. A thereto.) Moreover, as explained in greater detail in Brazzaz's moving papers, the Credit and Debit Card Receipt Clarification Act of 2007 (*i.e.*, the Bill), would make it clear that the printing of the expiration date with proper truncation of the card number is *not* a willful violation of FACTA. (*See id.* at 6-7 & Ex. B thereto.) The Bill states that many businesses reasonably interpreted the statute to permit the printing of the expiration date:

> Many merchants understood that [FACTA] would be satisfied by truncating the account number down to the last 5 digits based in part on the language of the provision as well as the publicity in the aftermath of the passage of [FACTA].
>
> Almost immediately after the deadline for compliance passed, hundreds of lawsuits were filed alleging that the failure to remove the expiration date was a willful violation of [the Fair Credit Reporting Act] even where the account number was properly truncated. Experts in the field agree that proper truncation of the card number, by itself as required by [FACTA], regardless of the inclusion of the expiration date, prevents a potential fraudster from perpetrating identity theft or credit card fraud.

(*Id.*) Cognizant that enactment of the Bill (which recently received unanimous approval by the House of Representatives) will be the death knell for these abusive FACTA lawsuits, Plaintiff does not even attempt to address the argument that, as a matter of law, Plaintiff's Complaint fails. Rather, by his response, Plaintiff repeatedly attempts to distort Brazzaz's position and asks this Court to blindly issue a ruling against Brazzaz solely on the basis of certain non-binding FACTA decisions, decided without the benefit of many of the authorities and developments discussed herein. *See Colby v. J.C. Penny Co.,* 811 F. 2d 1119, 1123-4 (7th Cir. 1987) (finding that district court decisions have no weight as precedent).

For example, Plaintiff incorrectly states that Brazzaz argues that willfulness requires an unjustifiable risk of harm. (*See* Opposition at 5.) By its Motion, Brazzaz stated that, pursuant to

- 4 -

*Safeco's* first prong, its reading of FACTA was not objectively unreasonable; hence, there was no need for the Court to proceed to the second prong of the *Safeco* query, which examines whether the defendant's alleged conduct "shows that the company ran a risk of violating the law that is substantially greater than the risk associated with a reading that was merely careless." *Safeco,* 127 S. Ct. at 2204. To the extent that the Supreme Court did not examine recklessness along the "potential harm" specter is simply immaterial for the purposes of Brazzaz's position. As Brazzaz emphasized in its moving papers, under *Safeco,* knowledge of the application of the act is not sufficient to allege willfulness. *See id.* at 2215. For this reason, Plaintiff's reliance on *Ramirez v. Midwest Airlines*, 537 F. Supp. 2d 1161, 1169 (D. Kan. 2008), is inapposite. Brazzaz is not asserting that risk of harm is a prerequisite to alleging a willful violation of FACTA. Rather, Brazzaz contends that its conduct (as alleged in the Complaint) was not – nor could it be – willful or reckless as a matter of law. At most, Brazzaz's alleged conduct was based on a careless reading of FACTA. Such carelessness (if it existed) is not sufficient to state a claim for a willful violation of FACTA. *See, e.g.*, *Bell Atlantic Corp., v. Twombly,* 127 S. Ct. 1955, 1972 (2007) (finding complaint's allegations were insufficient where there was "an obvious alternative explanation"); *see also Najarian v. Charlotte Russe, Inc.,* No. CV-07-501-RGK (CTx) (C.D. Cal. Aug. 16, 2007 Order), at *3 ("Defendant's erroneous conclusion that truncation of the credit card number was sufficient to fulfill its statutory was not untenable nor in reckless disregard of FACTA's expiration provision."). The acknowledgement from FACTA's principal drafter, as well as the unanimous passage of the Bill in the House of Representatives, not to mention the currently pending identical Senate Bill and the myriad other authorities cited previously, all demonstrate that display of an expiration date along with a properly truncated account number is not a willful or reckless violation of FACTA.

In an attempt to salvage his claim, Plaintiff tries to persuade this Court to ignore these materials by insisting that these documents are not appropriately considered on a motion to dismiss, and that legislative history has no place in the interpretation of the statutory language. (*See* Opposition at 9-10.)  Brazzaz is not relying upon legislative history to interpret FACTA's statutory text.  Rather, the referenced materials unambiguously demonstrate that as a matter of law Brazzaz could not have willfully violated FACTA's mandate.[1]  Moreover, this Court may take into consideration documents incorporated by reference in the pleadings and it may take judicial notice of matters of public record.  *See, e.g.*, *United States v. Wood*, 925 F. 2d 1580, 1581-82 (7th Cir. 1991) ("A plaintiff is under no obligation to attach to her complaint documents upon which her action is based, but a defendant, may introduce certain pertinent documents if the plaintiff failed to do so."); *Venture Assoc. Corp. v. Zenith Date Sys. Corp.*, 987 F. 2d 429, 431 (7th Cir. 1993) ("These documents may properly be considered on a motion to dismiss without converting the motion into motion for summary judgment.").

Undaunted, Plaintiff repeatedly twists Brazzaz's arguments in an attempt to bring them within arguments previously rejected by certain other trial courts. For instance, Plaintiff relies on cases in which the question in front of the court was whether FACTA is ambiguous.  (*See* Opposition at 7.)  Simply put, a decision to grant Brazzaz's motion to dismiss does not require this Court to find that FACTA is ambiguous.  Indeed, the *Safeco* Court did not hold that a court's finding of statutory ambiguity is a necessary prerequisite to a finding that a defendant's actions

---

[1] Furthermore, Plaintiff cites to inapposite authority to support its position. In *Covalt v. Carey Canada Inc.*, 860 F. 2d 1434, 1438 (7th Cir. 1988), the Court found that "[l]egislative history is valuable only to the extent it reveals the background of the law and the assumptions shared by those who wrote and voted on the bills."  Congressman Bacchus's commentary is unquestionably of great import and reliability since he was one of the principal authors of FACTA.  Concerns that the legislative material is "the work of those who could not get their thoughts into the text of the bill" is not present when one of the documents evidences the intent of FACTA's principal drafter and the other captures the unanimous vote of the House of Representatives.  *Covalt,* 860 F. 2d at 1438.  Indeed, the fear that "[s]ubsequent writings may be nothing but wishful thinking" is ameliorated when "they are uttered as part of the process of enacting a later law..." *Id*.

were objectively reasonable. Rather, on the basis of several factors (namely, "less-than-pellucid statutory text," "no authoritative guidance from FTC," and "no guidance from the courts of appeals") the Court in *Safeco* concluded that the defendant's reading was not objectively unreasonable and therefore the alleged conduct could not have been willful as a matter of law. *Id.* at 2215-16. Here, the plethora of materials (namely, the explicit acknowledgment by FACTA's principal drafter that display of an expiration date is not a willful violation of FACTA as a matter of law, the considerable commentary regarding nationwide confusion about FACTA's putative requirements, as well as the pending legislation aimed at clarifying FACTA's less-than-pellucid directive) all demonstrate that Brazzaz's alleged violation of FACTA was not based on an objectively unreasonable reading, and therefore it could not have been willful as a matter of law. Indeed, to extend Plaintiff's argument to its logical conclusion — *i.e.*, that printing the expiration date constitutes a willful violation of FACTA because the statute is clear and unambiguous — defies logic and sound public policy. In particular, it would completely vitiate any willfulness requirement because it would mean that a putative violation of FACTA (by printing the expiration data) is a *per se* violation of FACTA.[2]

Further, Plaintiff cites various publications to argue that there is only one plausible interpretation of FACTA. (*See* Opposition at 2.) Those alleged "rules" by Visa, however, do not even mention FACTA or its putative requirements. Rather, it appears that those rules are simply Visa's own private requirements for its customers.

Finally, Plaintiff's reliance on Judge Kendall's decision in *Follman v. Village Squire Inc.*, No. 07 C 3767, 2007 WL 4522614 (N.D. Ill. Dec. 18, 2007), is misplaced. *Follman* was decided without the benefit of the authorities cited by Brazzaz, including the unanimous 407-0 vote on

---

[2] Also, Plaintiff's claim that the allegations of the Complaint are sufficient to allege willfulness because many of Brazzaz's competitors have complied with FACTA's putative requirements, (*see* Opposition at 5), merits little discussion other than to point out that Plaintiff's counsel is representing the exact same Plaintiff (Mr. Di Cosola) in a FACTA suit currently pending against Brazzaz's chief competitor, Fogo De Chao Churrascaria (Chicago), LLC, Case No. 07 C 6750.

the Bill. More fundamentally, as Brazzaz has noted previously, it appears that the Court in *Follman* was not made aware that after the enactment of the Bill, plaintiffs endeavoring to sue for alleged willful violations of FACTA – based solely on the basis of a receipt which properly truncated the account number while displaying an expiration date – would have to allege actual damages to recover anything. (*See id*. at \*7 n.3; *see also* Brazzaz Mem. at 7 n.4.)

## II.     PLAINTIFF HAS NOT DENIED THAT HE FAILED TO ALLEGE AN INJURY WHICH IS A PREREQUISITE TO RECOVERY.

Mischaracterizations prevalent throughout Plaintiff's Opposition are particularly numerous in Plaintiff's attempt to refute Brazzaz's argument that Plaintiff has failed to allege an adequate injury necessary to confer standing. Plaintiff does little to address the claim that to have standing – a prerequisite to invoking the jurisdiction of this Court – he must allege that he has suffered an "injury in fact," which is a harm which is actual or imminent as opposed to conjectural or hypothetical. *See, e.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ("Over the years, our cases have established … the irreducible constitutional minimum of standing … First, the plaintiff must have suffered an 'injury in fact' - an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.") (internal quotations and citations omitted). Though Congress may create a legally protectable right, Plaintiff's power to invoke such right is always delimited by the requirement that to have standing, he must still be able to show that he has suffered an obvious injury to himself. *See, e.g., Gladstone, Realtors v. Vill. Of Bellwood,* 441 U.S. 91, 100 (1979) ("Congress may, by legislation, expand standing to the full extent permitted by Art. IIII … [i]n no event, however, may Congress abrogate the Art. III minima:  A plaintiff must always have suffered 'a distinct and palpable injury to himself…'"); *Bell v. Axiom Corp*., No. 4:06CV00485-WRW**,** 2006 WL 2850042, at \*2-3 (E.D. Ark. Oct. 3, 2006) (granting motion to

dismiss, citing the Supreme Court's decision in *Lujan,* and holding that assertions of an "increased risk of identity theft" were "speculative" and "do not satisfy the injury-in-fact test").

Plaintiff's Complaint is devoid of any allegations of actual harm. By his Complaint, Plaintiff chose to proceed under 15 U.S.C. §1681n, which provides statutory damages for "willful" noncompliance. (Cplt. ¶43.) Plaintiff is not proceeding under 15 U.S.C. §1681o, which does not provide for statutory damages, but rather provides for recovery of actual damages for "negligent" noncompliance. As set forth in Brazzaz's moving papers, the nexus between display of an expiration date and identity theft or credit card fraud is hypothetical and not actual or imminent. (*See* Brazzaz Mem. at 11-12.) Moreover, the chances of an identity theft occurring on the basis of an expiration date are virtually non-existent. Similarly, an expiration date alone does not enable potential perpetrators to commit credit card fraud without, at a minimum, the name on the card and the entire card number. (*See id.*) Moreover, since American Express and other major credit cards have "zero-liability" policies, a cardholder is not financially responsible for any fraudulent charges on his or her credit card. Notably, not one of the hundreds of FACTA suits contains an allegation of an actual injury (*i.e.*, identity theft or credit card fraud) premised on an alleged failure to omit an expiration date from the receipt. It is little wonder that Judge Hughes, presumably fed up with plaintiffs (and their lawyers) attempts to legally extort monies from retailers recently observed that:

> [Plaintiff] was not injured as a consequence of the date shown on his receipt from Hooters – no fraud, no sleepless nights, nothing.
>
> \* \* \* \* \*
>
> [Plaintiff] does not represent a class of victims. He has no injury of his own, and he has no idea of anything in Hooter's practices to suggest that it was willful in the legal sense. If he had written Hooters to remind it of the illegality of the date on the receipt, the problem would have been solved. He will take nothing from Hooters.

*Howard v. Hooters of Houston*, No. H-07-3399, slip op., at *1 (S.D. Tex. Apr. 5, 2008) (internal citations omitted).[3]

### III. ALTERNATIVELY, A STAY PENDING CONGRESSIONAL CLARIFICATION OF FACTA IS WARRANTED.

Plaintiff's reply to Brazzaz's alternative request to stay proceedings pending congressional clarification of FACTA is wholly disingenuous. As of May 12, 2008, the Bill (which according to Plaintiff "is currently wallowing in committee") had garnered 52 co-sponsors. More fundamentally, the very next day, the House of Representatives unanimously voted **407-0** to approve the Bill. (*See* Ex. A.) Similarly, within this time, Congressional efforts to clarify FACTA and to put an end to these abusive lawsuits has truly become a bicameral effort: on May 6, 2008, Senator Chuck Schumer introduced Senate Bill 2978 - the Credit and Debit Card Receipt Clarification Act of 2008. Similar to the House Bill, the Senate Bill highlights the widespread confusion in the retail community on the basis of FACTA's statutory language: "[m]any merchants understood that the [FACTA] requirement would be satisfied by truncating the account number down to the last 5 digits based in part on the language of the provision as well as the publicity in the aftermath of the passage of the law." (*See* Ex. B. at 2:16-20.) Calling the lawsuits "abusive," the Senate Bill observes that not a single suit contains "an allegation of harm to any consumer's identity." (*Id.* at 3:3-4.) Akin to the unanimously passed House Bill, the Senate Bill would render the mere fact of printing an expiration date outside of FACTA's willfulness purview. Such legislative activism is a far cry from the claims that the Bill "is wallowing in committee." As Brazzaz has shown in its moving papers, enactment of the Bill

---

[3] Plaintiff's reliance on a non-binding decision in *Cicilline v. Jewel Food Stores, Inc.,* No 07-CV-2333, 2008 WL 895677 at *4 (N.D. Ill. Mar. 31, 2008), is unavailing. If that court's reasoning is right in that "the redaction of a credit card's expiration date serves as an added safeguard against identity theft and the fraudulent use of credit and debit card number," then why in its attempt to pass a prophylactic measure, did Congress permit retailers to print five digits of the card number as opposed to four, three, two, one or none? Additionally, Plaintiff is wrong in asserting that the cases Brazzaz relies upon have considered the effect of the display of expiration dates in a vacuum. (*See* Opposition at 12 n.4.) Plaintiff has provided no basis of any sort for artificially attempting to narrow the holdings of decisions unfavorable to his position.

will have a dispositive impact on the current epidemic of FACTA lawsuits, the vast majority of which are premised on the allegation that by displaying an expiration date, defendants willfully violated FACTA. (*See* Brazzaz Mem. at 14.)

In addition to the fact that staying this case pending Congressional clarification of FACTA is a prudent exercise of this Court's powers to control its docket and to effectuate justice, a consideration of the hardships in this case unquestionably favors imposition of a stay. While Plaintiff cavalierly pays lip service to the requirement that this Court ought to consider hardship and inequities to the parties, he completely makes light of the considerable hardship (and, presumably, hopes that this Court will as well) that is inuring to Brazzaz as a result of this lawsuit. (*See* Opposition at 2.) Despite the fact that Plaintiff has not alleged any harm or injury, Brazzaz is caught in the unenviable situation of either capitulating to a coercive settlement or expending tremendous amounts of time, energy, and resources defending itself against a blatantly extortionate lawsuit.

Conversely, Plaintiff has not asserted (and, indeed, cannot show) *any* prejudice in the granting of a stay. The mere fact that a stay will delay an action is insufficient to show prejudice, since a slight delay is inherent to every stay and is outweighed by the benefits to the parties and this Court. *Levy v. Sterling Holding Co., LLC*. No. 00-994, 2004 WL 2251268 (D. Del. Sept. 27, 2004), involved a situation where a defendant sought a stay after the close of discovery based on certain proposed clarifying amendments to the Securities and Exchange Act of 1934. Rejecting plaintiff's arguments that the stay would be open-ended and prejudicial, the *Levy* Court entered the stay in order for the clarifying amendments to be resolved. *Id.* In so doing, the court observed that "[a] stay will conserve the resources of the parties and the court . . . . If the proposed amendments are rejected, the court will proceed with the case . . . Not staying the proceedings, however, runs the risk of inconsistent adjudications. By staying the action and

awaiting the decision of the SEC, in the event of adoption, a further conflict with other circuit courts that will have to apply amended SEC Rules [] may be avoided." *Id.* Here, Congress, just like the SEC in *Levy*, is in the process of enacting a clarifying amendment to its previously enacted statute. Plaintiff will not be prejudiced by a stay in any conceivable manner. In the event that the Bill does not pass, he will be able to proceed with his suit against Brazzaz on the basis of the very same receipt he allegedly has now. Plaintiff and his counsel realize that the window of opportunity to cash in their "lottery ticket" will not be open for much longer. Here, nothing can be gained by continuing to waste this Court's time and Brazzaz's resources defending itself against an opportunistic lawsuit that is on its last legs. *See Tap Pharm. Prod. v. Atrix Labs.*, No 03 C 7822, WL 422697, at *2 (N.D. Ill. Mar. 3, 2004) (staying case due to "significant chance that the PTO will invalidate the patent or drastically decrease its scope . . . create[ing] a very real possibility that the parties will waste their resources litigating over issues that will ultimately be rendered moot by the PTO's findings"). Accordingly, Brazzaz respectfully requests that in the event that this Court is not inclined to dismiss the action, the proceedings should be stayed pending resolution of the Bill.[4]

## CONCLUSION

For the foregoing reasons, Defendant Brazzaz LLC respectfully requests that this Court dismiss Plaintiff's putative Class Action Complaint with prejudice or, alternatively, stay the proceedings pending resolution of the Bill.

---

[4] Plaintiff relies on authority readily distinguishable from the present case. (*See* Opposition at 14.) In *EEOC v. Bethlehem Steel Corp.*, 727 F. Supp. 952, 955 (E.D. Penn. 1990), the court mused "about a great uncertainty that the legislative action will ever come … [e]ven if legislative action does come some day, it is less certain that the Congress would chose to retroactively apply it." Concerns regarding uncertainty are more than cured by a 407-0 vote. Moreover, this Court need not wonder about any retroactive effect the Bill may have: the House Bill and the Senate Bill explicitly provide for retroactive effect which will provide definitive resolution to these abusive lawsuits.

Dated: May 15, 2008

Respectfully submitted,

**BRAZZAZ LLC**

    /s/ David S. Almeida
One of Its Attorneys

Gordon B. Nash, Jr.
David S. Almeida
**DRINKER BIDDLE & REATH LLP**
191 N. Wacker Drive, Suite 3700
Chicago, IL 60606
(312) 569-1000 (telephone)
(312) 569-3000 (facsimile)

*Attorneys for Brazzaz LLC*

## CERTIFICATE OF SERVICE

I, David S. Almeida, hereby certify that on May 15, 2008, the foregoing **Reply Memorandum of Law in Further Support of Brazzaz LLC's Motion to Dismiss or, in the Alternative, to Stay Proceedings** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ David S. Almeida

CH02/ 22522926.4