# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH DI COSOLA,<br>Individually and on behalf of a class,<br><br>          Plaintiff,<br><br>     v.<br><br>BRAZZAZ LLC,<br><br>          Defendant. | )<br>)<br>)<br>)     Case No. 07 C 6746<br>)<br>)     Judge Zagel<br>)<br>)     Magistrate Judge Denlow<br>)<br>) |

**BRAZZAZ LLC'S SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO
DISMISS OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS**

Defendant Brazzaz LLC ("Brazzaz"), by and through its undersigned counsel, respectfully submits the following Supplemental Authority in Support of Its Motion to Dismiss or, in the Alternative, to Stay Proceedings.

1.     On November 30, 2007, Plaintiff Joseph Di Cosola ("Plaintiff") commenced this putative class action asserting that Brazzaz violated the Fair and Accurate Credit Transaction Act, 15 U.S.C. §1681c(g) ("FACTA").

2.     On April 15, 2008, Brazzaz filed its Motion to Dismiss or, in the Altenative, to Stay Proceedings (the "Motion"). By its Motion, Brazzaz argued that Plaintiff's complaint should be dismissed because, *inter alia,* further to recent Supreme Court precedent, Plaintiff has not alleged and could not allege that Brazzaz's conduct was a willful violation of FACTA as a matter of law. Alternatively, Brazzaz requested this Court to exercise its inherent authority to stay the proceedings pending forthcoming Congressional clarification of FACTA via the Credit and Debit Receipt Clarification Act of 2007 (the "Amendment").

3.     On May 4, 2008, Plaintiff filed a response to Brazzaz's Motion. By his response, Plaintiff asserted that the Amendment was "wallowing in committee." (*See* Response at 2.)

4.    On May 15, 2008, Brazzaz filed a Reply in Further Support of its Motion to Dismiss or, in the Alternative, to Stay Proceedings.  By its Reply, Brazzaz apprised this Court that on May 13, 2008, the House of Representatives voted unanimously – **407 to 0** – to approve the Amendment, (*see* Ex. A), and, on May 6, 2008, Senator Chuck Schumer introduced Senate Bill 2978 – the Credit and Debit Card Receipt Clarification Act of 2008, a measure identical to the House Bill.  (*See* Ex. B.)

5.    On May 20, 2008 – after the briefing on Brazzaz's Motion was complete, just two weeks after its introduction, the Senate unanimously passed the proposed Amendment. (*See* Ex. C.)

6.    On June 3, 2008, the Bill became Public Law, PL 110-241, 122 Stat. 1565 after it was signed by the President.  (*See* Ex. D.)

7.    The Amendment, which has retroactive effect, provides, in relevant part, that:

(a) Clarification of Willful Noncompliance.  For the purposes of this section, any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction between December 4, 2004, and the date of the enactment of this subsection but otherwise complied with the requirements of section 605(g) for such receipt shall not be in willful noncompliance with section 605(g) by reason of printing such expiration date on the receipt.

(b) Scope of Application.  The amendment made by subsection (a) shall apply to any action, other than an action which has become final, that is brought for a violation of 605(g) of the Fair Credit Reporting Act to which such amendment applies without regard to whether such action is brought before or after the date of the enactment of this Act.

(Ex. C, §3.)

8.    By his Complaint, Plaintiff alleges only a technical violation of FACTA predicated on the display of his expiration date on an otherwise properly truncated receipt. (Cplt. ¶ 17) ("[o]n February 21, 2007, [he] received from Brazzaz, a computer generated cash register receipt which displayed [his] American Express card expiration date.")

2

9.    Pursuant to the Amendment, Plaintiff cannot maintain this lawsuit against Brazzaz and the case should therefore be dismissed with prejudice. *See, e.g., Pitts v. Vill. Tavern, Inc.,* CV-08-BE-0017-S, slip op., at *1 (N.D. Ala. June 4, 2008) (noting that a nearly-identical FACTA claim "f[e]ll precisely within the parameters that the [Amendment] clarifies does not constitute a willful violation of FACTA" and ordering Plaintiff to "SHOW CAUSE in writing … why th[e] case should not be DISMISSED WITH PREJUDICE." (*See* Ex. E.)

10.    Brazzaz respectfully submits that consideration of these recent developments regarding enactment of the Amendment mandates dismissal of Plaintiff's putative class action complaint with prejudice.

Dated: June 6, 2008

Respectfully submitted,

**BRAZZAZ LLC**

_____/s/ David S. Almeida_____
One of Its Attorneys

Gordon B. Nash, Jr.
David S. Almeida
**DRINKER BIDDLE & REATH LLP**
191 N. Wacker Drive, Suite 3700
Chicago, IL 60606
(312) 569-1000 (telephone)
(312) 569-3000 (facsimile)

*Attorneys for Brazzaz LLC*

3

## CERTIFICATE OF SERVICE

I, David S. Almeida, hereby certify that on June 6, 2008, the foregoing **Brazzaz LLC's Supplemental Authority in Support of Its Motion to Dismiss or, in the Alternative, to Stay Proceedings** was filed electronically.   Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.   Parties may access this filing through the Court's electronic filing system.

/s/ David S. Almeida

CH02/ 22525707.1

# EXHIBIT A



**NEWS RELEASE**

**U.S. Representative Michele Bachmann**

*Sixth District, Minnesota*

**For Immediate Release**
**Wednesday, May 14th, 2008**

**Contact: Stephen Miller**
**202-225-2331**

## BIPARTISAN BACHMANN BILL PROTECTS CONSUMERS AND BUSINESSES

### *House Passes Legislation to Stop Frivolous Lawsuits*

**(Washington, D.C.)** – Last night, the House unanimously passed *The Credit and Debit Card Receipt Clarification Act* (H.R. 4008). This bill, introduced by Congressman Tim Mahoney (D-FL) and Congresswoman Michele Bachmann (R-MN), would bring an end to a slew of frivolous lawsuits aimed chiefly at small businesses.

"Millions of consumers across America will experience a little extra pain in the pocketbook unless Congress passes *The Credit and Debit Card Receipt Clarification Act*," said Bachmann. "Stores and businesses across America are taking a hit. And if we don't close this loophole, this pain will be passed on to consumers in the form of higher prices."

In an effort to crack down on fraud, *The Fair and Accurate Credit Transaction Act* mandated that by December 4th, 2006 all business transaction receipts display only 5 customer credit card digits. Companies across America complied with the legislation

but many continued printing the card expiration dates as well due to a lack of clarity in FACTA.

Even though identity theft experts say 5 digits from a credit card and expiration date are not enough to steal a card or an identity, lawyers across America began dragging business after business into court. H.R. 4008 closes Congress' loophole by and puts a stop to these frivolous lawsuits.

"This is the last thing we need when Americans are already being squeezed by rising living costs," Bachmann continued. "H.R. 4008 is a simple, no-nonsense, fair, necessary and bipartisan bill that is truly in the best interests of the American people."

###

# EXHIBIT B

II

110TH CONGRESS
2D SESSION

# S. 2978

To amend the Fair Credit Reporting Act to make technical corrections to the definition of willful noncompliance with respect to violations involving the printing of an expiration date on certain credit and debit card receipts before the date of the enactment of this Act.

---

## IN THE SENATE OF THE UNITED STATES

MAY 6, 2008

Mr. SCHUMER introduced the following bill; which was read twice and referred to the Committee on Banking, Housing, and Urban Affairs

---

# A BILL

To amend the Fair Credit Reporting Act to make technical corrections to the definition of willful noncompliance with respect to violations involving the printing of an expiration date on certain credit and debit card receipts before the date of the enactment of this Act.

1    *Be it enacted by the Senate and House of Representa-*
2    *tives of the United States of America in Congress assembled,*

3    **SECTION 1. SHORT TITLE.**

4        This Act may be cited as the "Credit and Debit Card
5    Receipt Clarification Act of 2008".

6    **SEC. 2. FINDINGS; PURPOSE.**

7        (a) FINDINGS.—The Congress finds as follows:

2

1      (1) The Fair and Accurate Credit Transactions

2    Act (commonly referred to as "FACTA") was en-

3    acted into law in 2003 and one of the purposes of

4    such Act is to prevent criminals from obtaining ac-

5    cess to consumers' private financial and credit infor-

6    mation in order to reduce identity theft and credit

7    card fraud.

8      (2) As part of that law, the Congress enacted

9    a requirement, through an amendment to the Fair

10    Credit Reporting Act, that no person that accepts

11    credit cards or debit cards for the transaction of

12    business shall print more than the last 5 digits of

13    the card number or the expiration date upon any re-

14    ceipt provided to the card holder at the point of the

15    sale or transaction.

16      (3) Many merchants understood that this re-

17    quirement would be satisfied by truncating the ac-

18    count number down to the last 5 digits based in part

19    on the language of the provision as well as the pub-

20    licity in the aftermath of the passage of the law.

21      (4) Almost immediately after the deadline for

22    compliance passed, hundreds of lawsuits were filed

23    alleging that the failure to remove the expiration

24    date was a willful violation of the Fair Credit Re-

3

1 porting Act even where the account number was

2 properly truncated.

3  (5) None of these lawsuits contained an allega-

4 tion of harm to any consumer's identity.

5  (6) Experts in the field agree that proper trun-

6 cation of the card number, by itself as required by

7 the amendment made by the Fair and Accurate

8 Credit Transactions Act, regardless of the inclusion

9 of the expiration date, prevents a potential fraudster

10 from perpetrating identity theft or credit card fraud.

11  (7) Despite repeatedly being denied class cer-

12 tification, the continued appealing and filing of these

13 lawsuits represents a significant burden on the hun-

14 dreds of companies that have been sued and could

15 well raise prices to consumers without corresponding

16 consumer protection benefit.

17 (b) PURPOSE.—The purpose of this Act is to ensure

18 that consumers suffering from any actual harm to their

19 credit or identity are protected while simultaneously lim-

20 iting abusive lawsuits that do not protect consumers but

21 only result in increased cost to business and potentially

22 increased prices to consumers.

4

1 **SEC. 3. CLARIFICATION OF WILLFUL NONCOMPLIANCE FOR**
2           **ACTIONS BEFORE THE DATE OF THE ENACT-**
3           **MENT OF THIS ACT.**

4     (a) IN GENERAL.—Section 616 of the Fair Credit

5 Reporting Act (15 U.S.C. 1681n) is amended by adding

6 at the end the following new subsection:

7     "(d) CLARIFICATION OF WILLFUL NONCOMPLI-

8 ANCE.—For the purposes of this section, any person who

9 printed an expiration date on any receipt provided to a

10 consumer cardholder at a point of sale or transaction be-

11 tween December 4, 2004, and the date of the enactment

12 of this subsection but otherwise complied with the require-

13 ments of section 605(g) for such receipt shall not be in

14 willful noncompliance with section 605(g) by reason of

15 printing such expiration date on the receipt.".

16     (b) SCOPE OF APPLICATION.—The amendment made

17 by subsection (a) shall apply to any action, other than an

18 action which has become final, that is brought for a viola-

19 tion of 605(g) of the Fair Credit Reporting Act to which

20 such amendment applies without regard to whether such

21 action is brought before or after the date of the enactment

22 of this Act.

○

# EXHIBIT C

H. R. 4008

# One Hundred Tenth Congress
## of the
## United States of America

### AT THE SECOND SESSION

*Begun and held at the City of Washington on Thursday,*
*the third day of January, two thousand and eight*

## An Act

To amend the Fair Credit Reporting Act to make technical corrections to the
definition of willful noncompliance with respect to violations involving the printing
of an expiration date on certain credit and debit card receipts before the date
of the enactment of this Act.

*Be it enacted by the Senate and House of Representatives of
the United States of America in Congress assembled,*

### SECTION 1. SHORT TITLE.

This Act may be cited as the "Credit and Debit Card Receipt
Clarification Act of 2007".

### SEC. 2. FINDINGS; PURPOSE.

(a) FINDINGS.—The Congress finds as follows:

(1) The Fair and Accurate Credit Transactions Act (com-
monly referred to as "FACTA") was enacted into law in 2003
and 1 of the purposes of such Act is to prevent criminals
from obtaining access to consumers' private financial and credit
information in order to reduce identity theft and credit card
fraud.

(2) As part of that law, the Congress enacted a requirement,
through an amendment to the Fair Credit Reporting Act, that
no person that accepts credit cards or debit cards for the trans-
action of business shall print more than the last 5 digits of
the card number or the expiration date upon any receipt pro-
vided to the card holder at the point of the sale or transaction.

(3) Many merchants understood that this requirement
would be satisfied by truncating the account number down
to the last 5 digits based in part on the language of the
provision as well as the publicity in the aftermath of the pas-
sage of the law.

(4) Almost immediately after the deadline for compliance
passed, hundreds of lawsuits were filed alleging that the failure
to remove the expiration date was a willful violation of the
Fair Credit Reporting Act even where the account number
was properly truncated.

(5) None of these lawsuits contained an allegation of harm
to any consumer's identity.

(6) Experts in the field agree that proper truncation of
the card number, by itself as required by the amendment
made by the Fair and Accurate Credit Transactions Act, regard-
less of the inclusion of the expiration date, prevents a potential
fraudster from perpetrating identity theft or credit card fraud.

(7) Despite repeatedly being denied class certification, the
continued appealing and filing of these lawsuits represents

H. R. 4008—2

a significant burden on the hundreds of companies that have been sued and could well raise prices to consumers without corresponding consumer protection benefit.

(b) PURPOSE.—The purpose of this Act is to ensure that consumers suffering from any actual harm to their credit or identity are protected while simultaneously limiting abusive lawsuits that do not protect consumers but only result in increased cost to business and potentially increased prices to consumers.

## SEC. 3. CLARIFICATION OF WILLFUL NONCOMPLIANCE FOR ACTIONS BEFORE THE DATE OF THE ENACTMENT OF THIS ACT.

(a) IN GENERAL.—Section 616 of the Fair Credit Reporting Act (15 U.S.C. 1681n) is amended by adding at the end the following new subsection:

"(d) CLARIFICATION OF WILLFUL NONCOMPLIANCE.—For the purposes of this section, any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction between December 4, 2004, and the date of the enactment of this subsection but otherwise complied with the requirements of section 605(g) for such receipt shall not be in willful noncompliance with section 605(g) by reason of printing such expiration date on the receipt.".

(b) SCOPE OF APPLICATION.—The amendment made by subsection (a) shall apply to any action, other than an action which has become final, that is brought for a violation of 605(g) of the Fair Credit Reporting Act to which such amendment applies without regard to whether such action is brought before or after the date of the enactment of this Act.

*Speaker of the House of Representatives.*

*Vice President of the United States and
President of the Senate.*

# EXHIBIT D

# HR 4008

**Sponsor:**
Mahoney (D-Fla.)

**Brief Title:**
Credit and Debit Card Receipt Clarification Act of 2007

**Official Title:**
A bill to amend the Fair Credit Reporting Act to make technical corrections to the definition of willful noncompliance with respect to violations involving the printing of an expiration date on certain credit and debit card receipts before the date of the enactment of this act.

**Introduced:**
October 30, 2007

**Committees:**
House Financial Services, House Judiciary

**Related Bills:**
See S 2978

**Cosponsors:**
52 Total (30 Democrats, 22 Republicans)

| | | |
|---|---|---|
| Ackerman (D-N.Y.) | Garrett (R-N.J.) | Matheson (D-Utah) |
| Altmire (D-Pa.) | Gerlach (R-Pa.) | McCollum (D-Minn.) |
| Arcuri (D-N.Y.) | Hensarling (R-Texas) | McCrery (R-La.) |
| Bachmann (R-Minn.) | Hill (D-Ind.) | McNerney (D-Calif.) |
| Bachus, S. (R-Ala.) | Hodes (D-N.H.) | Mitchell (D-Ariz.) |
| Baldwin (D-Wis.) | Holden (D-Pa.) | Moore, D. (D-Kan.) |
| Barrow (D-Ga.) | Johnson, S. (R-Texas) | Murphy, T. (R-Pa.) |
| Bean (D-Ill.) | Jones, W. (R-N.C.) | Nadler (D-N.Y.) |
| Biggert (R-Ill.) | Kanjorski (D-Pa.) | Sessions, P. (R-Texas) |
| Boozman (R-Ark.) | Keller (R-Fla.) | Sires (D-N.J.) |
| Boren, Dan (D-Okla.) | Kingston, J. (R-Ga.) | Souder (R-Ind.) |
| Boyd, A. (D-Fla.) | Klein, R. (D-Fla.) | Tauscher (D-Calif.) |
| Brown-Waite, G. (R-Fla.) | Kuhl (R-N.Y.) | Visclosky (D-Ind.) |
| Castor (D-Fla.) | Lampson (D-Texas) | Walberg (R-Mich.) |
| Cohen (D-Tenn.) | Langevin (D-R.I.) | Wexler (D-Fla.) |
| Diaz-Balart, L. (R-Fla.) | Lipinski, D. (D-Ill.) | Yarmuth (D-Ky.) |
| Feeney (R-Fla.) | Maloney, C. (D-N.Y.) | |
| Foxx (R-N.C.) | Marchant (R-Texas) | |

**Oct. 30, 2007** — Read twice and referred to: House Financial Services, House Judiciary. *Congressional Record p. H12237*

**Oct. 30, 2007** — Original cosponsor(s): 9

| | | |
|---|---|---|
| Bachmann (R-Minn.) | Bean (D-Ill.) | Klein, R. (D-Fla.) |
| Bachus, S. (R-Ala.) | Hill (D-Ind.) | Lampson (D-Texas) |
| Barrow (D-Ga.) | Hodes (D-N.H.) | Matheson (D-Utah) |

**Nov. 15, 2007** — Additional cosponsor(s): 2

| | |
|---|---|
| Castor (D-Fla.) | Cohen (D-Tenn.) |

**Dec. 5, 2007** — Additional cosponsor(s): 2
Foxx (R-N.C.)               Garrett (R-N.J.)

**Dec. 12, 2007** — Additional cosponsor(s): 1
Lipinski, D. (D-Ill.)

**Dec. 13, 2007** — Additional cosponsor(s): 1
Feeney (R-Fla.)

**Dec. 18, 2007** — Additional cosponsor(s): 2
Altmire (D-Pa.)             Souder (R-Ind.)

**Dec. 19, 2007** — Additional cosponsor(s): 1
Yarmuth (D-Ky.)

**Jan. 17, 2008** — Additional cosponsor(s): 4
Jones, W. (R-N.C.)         Moore, D. (D-Kan.)
Maloney, C. (D-N.Y.)       Nadler (D-N.Y.)

**Jan. 28, 2008** — Additional cosponsor(s): 2
Biggert (R-Ill.)              McCrery (R-La.)

**Feb. 7, 2008** — Additional cosponsor(s): 4
Boyd, A. (D-Fla.)           Walberg (R-Mich.)
Murphy, T. (R-Pa.)        Wexler (D-Fla.)

**Feb. 13, 2008** — Additional cosponsor(s): 8
Ackerman (D-N.Y.)      Marchant (R-Texas)      Sires (D-N.J.)
Arcuri (D-N.Y.)          McCollum (D-Minn.)     Tauscher (D-Calif.)
Kuhl (R-N.Y.)            Sessions, P. (R-Texas)

**Feb. 14, 2008** — Additional cosponsor(s): 1
Holden (D-Pa.)

**March 4, 2008** — Additional cosponsor(s): 2
Boozman (R-Ark.)         Visclosky (D-Ind.)

**March 10, 2008** — Additional cosponsor(s): 3
Gerlach (R-Pa.)          Kingston, J. (R-Ga.)      Langevin (D-R.I.)

**March 31, 2008** — Additional cosponsor(s): 4
Baldwin (D-Wis.)        Johnson, S. (R-Texas)
Boren (D-Okla.)         Kanjorski (D-Pa.)

**April 9, 2008** — Additional cosponsor(s): 1
Hensarling (R-Texas)

**April 17, 2008** — Additional cosponsor(s): 1
Keller (R-Fla.)

**April 29, 2008** — Additional cosponsor(s): 1
    Mitchell (D-Ariz.)

**May 1, 2008** — Additional cosponsor(s): 1
    Brown-Waite, G. (R-Fla.)

**May 6, 2008** — Related measure, S 2978, to amend the Fair Credit Reporting Act to make technical corrections to the definition of willful noncompliance with respect to violations involving the printing of an expiration date on certain credit and debit card receipts before the date of the enactment of this act, introduced by Sen. Schumer, D-N.Y.

**May 6, 2008** — Additional cosponsor(s): 1
    Diaz-Balart, L. (R-Fla.)

**May 8, 2008** — Additional cosponsor(s): 1
    McNerney (D-Calif.)

**May 13, 2008** — House Vote 308 Credit and Debit Card Receipt Clarification — Passage
Mahoney, D-Fla., motion to suspend the rules and pass the bill that would provide legal protection to any person or business who printed an expiration date for a credit card on any receipt between Dec. 4, 2004, and the bill's enactment. Motion agreed to 407-0. Note: A two-thirds majority of those present and voting (272 in this case) is required for passage under suspension of the rules. *Congressional Record p. H3729-H3732,*

**May 13, 2008** — Measure passed in the House by roll call vote, 407-0, under suspension of the rules (two-thirds vote required). (Text of bill, as passed in the House, appears in the May 13, 2008, Congressional Record.) *Congressional Record p. H3729,*

**May 14, 2008** — Received in the Senate and held at the desk. *Congressional Record p. S4178*

**May 14, 2008** — C. Maloney, D-N.Y., House speech: Supports the Credit and Debit Cards Receipt Clarification Act of 2007. *Congressional Record p. E925*

**May 14, 2008** — Hinojosa, D-Texas, House speech: Personal explanation for roll call vote no. 308, and would have voted aye if present. *Congressional Record p. E921*

**May 15, 2008** — Weller, R-Ill., House speech: Personal explanation of roll call vote no. 308, and would have voted yea if present. *Congressional Record p. E931*

**May 20, 2008** — Considered by the Senate. *Congressional Record p. S4439-S4440*

**May 20, 2008** — Measure passed in the Senate by unanimous consent. *Congressional Record p. S4439-S4440*

**May 20, 2008** — Measure cleared for the president. *Congressional Record p. S4440*

**May 20, 2008** — Myrick, R-N.C., House speech: Personal explanation for roll call vote no. 308, and would have voted "aye" if present. *Congressional Record p. E982*

**June 3, 2008** — Became Public Law, PL 110-241, 122 Stat. 1565.

**June 3, 2008** — Signed by the president.

CQ © 2008 • All Rights Reserved • Congressional Quarterly Inc.
1255 22nd Street N.W. • Washington, D.C. 20037 • 202-419-8500

Help | About CQ | Privacy Policy | Masthead | Terms & Conditions

# EXHIBIT E

FILED

2008 Jun-04 PM 04:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| J. RANDALL PITTS, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | CV-08-BE-0017-S |
| | ] | |
| THE VILLAGE TAVERN, INC., | ] | |
| | ] | |
| Defendant. | ] | |
| | ] | |

### ORDER TO SHOW CAUSE

On June 3, 2008, President George W. Bush signed into law the Credit and Debit Card

Receipt Clarification Act of 2007, which amends the Fair and Accurate Credit Transaction Act of

2003 ("FACTA") to clarify that

> any person who printed an expiration date on any receipt provided
> to a consumer cardholder at a point of sale or transaction between
> December 4, 2004, and the date of the enactment of this subsection
> but otherwise complied with the requirements of section 605(g) for
> such receipt shall not be in willful noncompliance with section
> 605(g) by reason of printing such expiration date on the receipt.

The allegation in this case is that the Defendant(s) violated FACTA by printing the

expiration date on an otherwise compliant receipt. Thus, this case appears to fall precisely within

the parameters that the Act clarifies does not constitute a willful violation of FACTA.

Accordingly, Plaintiff is to SHOW CAUSE in writing by **Monday, June 9, 2008** why this case

should not be DISMISSED WITH PREJUDICE.

DONE and ORDERED this 4th day of June 2008.

*Karon O. Bowdre*
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE