IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH DICOSOLA,<br>Individually and on behalf of a class,<br><br>Plaintiff,<br><br>v.<br><br>BRAZZAZ, LLC,<br><br><br><br>Defendant. | )<br>)<br>)<br>)<br>)  Case No. 07 C 6746<br>)  Judge Zagel<br>)  Magistrate Judge Denlow<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO BRAZZAZ'S MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY AND, IN THE ALTERNATIVE, PLAINTIFF'S REQUEST FOR BRIEFING ON THE CONSTITUTIONALITY THE NEW AMENDMENT**

NOW COMES the Plaintiff, Joseph DiCosola, by and through his attorneys, and hereby submits this Response in Opposition to Brazzaz's Motion For Leave To Submit Supplemental Authority and, in the alternative, Plaintiffs Request for Briefing on the Constitutionality of the New Amendment. In support, Plaintiff states as follows:

1. On June 6, 2008, Brazzaz filed a Motion *Instanter* For Leave To Submit Supplemental Authority In Support Of Its Motion To Dismiss Or, In The Alternative, To Stay Proceedings.

2. In its Motion and Supplemental Brief, Brazzaz brings to the attention of the Court the Credit and Debit Card Receipt Clarification Act of 2007 (the "Act" or the "Amendment"), signed into law by President Bush on June 3, 2008.

3. In the proposed Supplemental Brief attached as Exhibit A to its motion, Brazzaz contends that Plaintiff cannot maintain the lawsuit because of the Amendment,

and argues that the Complaint should be dismissed with prejudice. (*See* Exhibit A to Brazzaz's Motion at ¶ 9).

4. In contrast, Plaintiff contends that the retroactive application of the new Act is unconstitutional as a violation of the separation of powers and as a Bill of Attainder, among other things. Plaintiff respectfully requests an opportunity to brief the constitutionality of the retroactive application of Act in question.

5. Briefly, the doctrine of separation of powers precludes Congress from directing the outcome of pending cases without actually changing the law applicable to the case. *See, e.g., Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 218, 115 S.Ct. 1447, 1452-53 (1995); *Robertson v. Seattle Audubon Society*, 503 U.S. 429, 441, 112 S.Ct. 1407, 1414-15 (1992); *United States v. Klein*, 80 U.S. (13 Wall.) 128, 146-47 (1872); *Paramount Health Systems, Inc. v. Wright*, 138 F.3d 706, 710 (7th Cir. 1978).

6. Equally important, while Congress has the authority to change the law, it is the function of the judiciary to decide cases based on the interpretation of law, not Congress' function. *Plant*, 514 U. S. at 719.

7. The Amendment in question does not enact a new law or change any substantive law; instead, Congress is directing that the district courts make a finding of fact that defendants who have been sued for violating FACTA through the printing of expiration dates on credit card receipts were not willful in their non-compliance with FACTA. That Congress is impermissibly directing a finding under the old law, and not changing the law, is evident by the fact that it is still a violation to have the expiration date on receipts. In fact, receipts after the effective date of the Act will be in violation if they depict the expiration dates, and those defendants may still be found to be in willful non-compliance with the Act.

2

8.  Plaintiff respectfully requests if the Court is to consider the recent development at this time regarding the enactment of the Amendatory Act, that Plaintiff be afforded the opportunity to fully brief the unconstitutionality of the Amendment before any action is taken on the case.

Respectfully submitted,

JOSEPH DI COSOLA

By: _____
One of His attorneys

Anthony G. Barone (ARDC No. 06196315)
David M. Jenkins (ARDC No. 6211230)
Barone & Jenkins, P.C.
635 Butterfield Road, Suite 145
Oakbrook Terrance, Illinois 60181
630/472-0037

3